8286

HILL v. HILL.

A PAROL PARTITION is confirmed by the Court against minors at the instance of an adult, which the Court finds was fair and just, but since the adult has waited so long to ask for confirmation and to pay the minors and in the meantime the value of lands have materially advanced, the present value of the land is required to be paid the minors.

Before DEVORE, J., Clarendon, May term, 1911: Modified.

Action by J. R. Hill against Jack N. Hill *et al.* The report of S. Oliver O'Bryan, referee, is:

"On December 19, 1873, one C. W. Weeks conveyed in fee unto W. F. Hill, F. A. Geddings, H. M. Brown, A. P. Hill, J. R. Hill and A. K. Hill, the latter subsequently marrying John G. Kolb, the tract of fifty acres of land described in the complaint.

"Many years ago N. H. Hill, the father of the above grantees and with whom they live upon the said tract of land, verbally swapped some of this land that ran near the

residence of a neighbor, by the name of Aaron Kolb, for a piece of land lying near the residence of the said N. H. Hill. It is true there is no satisfactory evidence of the exact quantity of land thus exchanged, nor is there any satisfactory evidence of where it lay by metes and bounds, but there is evidence that Aaron Kolb cultivated some three or four acres of this fifty acre tract near his home, and that N. H. Hill cultivated some seven or eight acres of what is claimed was the Kolb land near the former's house, and the Kolbs had a small pasture upon some more of the land many years ago, but as I view the agreement of the parties hereinafter referred to at time of parole partition, it does not make any difference where the exchanged lands lay or the quantity thereof.

"On January 8th and 13th, 1904, respectively, W. F. Hill and T. A. Geddings conveyed all their interest in said fifty acre tract of land to J. Nelson Brown, and on February 12th, 1904, A. P. Hill conveyed all his interest in said tract to John R. Hill, as trustee for the latter's wife during her life, and at her death to be divided between her children, who are the defendant Hill's children, in this action, with power to trustee to sell and reinvest upon same limitations.

"A. K. Hill, afterwards Alice Kolb, died in 1903, leaving as her heirs her husband, John Kolb, and her children, Viola Lackey, Tabitha Harris, Marion Kolb, Frank Kolb, Ronald Kolb, Susan Kolb, Rosa McLeod and her grandchildren, Eva Wise and Jesse Wise, children of a predeceased daughter, Henry Wise, and the said husband afterwards died, leaving the same children and grandchildren as his heirs.

"Thus it will be seen the owners of the fifty acre tract, after the aforesaid conveyances, were the plaintiff, John R. Hill, with one interest in his own right and one as trustee; J. Nelson Brown, with two interests; N. B. Brown, with one interest, and the Kolb children and grandchildren, with one interest, each interest amounting to eight and one-third acres of land.

"In 1904 these in interest, or their respresentatives, met to partition the fifty acre tract, having with them a surveyor, and undertook to cut off the Kolb interest first, beginning with the surveyor near the old Kolb residence, when they were held up by the widow of old man Aaron Kolb, who objected to running around the original lines at the fifty acre tract, unless John P. Hill gave up the land alleged to have been swapped by Aaron Kolb to N. H. Hill. I find it was then and there agreed, between old Mrs. Kolb, the grandmother of the Kolb children; Mrs. Viola Lackey, who was represented by her husband, Milton Lackey; Mrs. Tabitha Harris, who was present on the one side, and John R. Hill on the other, that they would cut off the Kolb interest adjoining their residence upon other property of theirs and that John R. Hill would pay the Kolbs the value of one interest or of eight and one-third acres, for the tract of land back of the Hill residence, whatever it might be of bay and upland. It might be said this agreement, by those of age, could not bind the minor Kolb heirs; but as the defendant's attorney is asking that equity be done, I think the rights of all concerned, because of the many irregular acts in connection with this land, will be best subserved by ratifying what was done on this occasion; certainly Mrs. Lackey and Mrs. Harris are estopped from contending to the contrary.

"The partition was had and eight and one-third acres was set aside to the Kolb heirs, twenty-five acres to the Browns and what turns out to be thirty-two acres to the plaintiff, John R. Hill.

"The plaintiff, John R. Hill, contracted to sell this thirty-two acres, together with three and six-tenths acres conveyed to him by his mother on July 7th, 1883, calling it all twenty acres, more or less, to the defendant, C. H. Broadway, for seven hundred and fifty dollars.

"Upon investigation, it was found that the parole partition was ineffectual to devest the interest of the minor Kolb children in the thirty-two acres allotted as aforesaid to John

R. Hill, the defendant, Broadway, declined to comply, hence the Browns and plaintiff conveyed all their interest in the eight and one-third acres allotted to the Kolbs unto them, and Marion Kolb and Rosa McLeod, two of the Kolb children, conveyed all their interest in the portion allotted unto the plaintiff unto him, by deed dated January 15, 1910.

"Then this action was brought against the *cestui qui trustent* in the trust deed aforesaid, some of whom were minors, to cut them off, upon payment of the value of their interest in land sought to be sold Broadway, and against the rest of the Kolb children, Mrs. Harris and Mrs. Lackey being two of them, and whom I have already held are bound and estopped by the partition and agreement alleging the premises of the parol partition that plaintiff had conveyed all his interest in Kolb share to them, and asking upon the Court ascertaining the fairness of the partition, that it be ratified and confirmed, and that all those who have not conveyed to plaintiff be adjudged to have no interest in the part allotted to him as aforesaid.

"The plaintiff's attorney upon the trial earnestly contended that the portion of the defendant's answer setting up the alleged swap of land that didn't belong to old man Hill for land of Kolb was foreign to plaintiff's cause of action to ratify verbal partition and should be stricken out, and while I may have been wrong in not sustaining the motion and the objection to testimony to establish such a defense, I have decided to stand by my ruling, and do what I conceive to be justice on day of partition.

"I find from the testimony, the value of eight and one-third acres of this fifty acre tract in 1904 was one hundred dollars, the highest price fixed by any of the witnesses, and that John R. Hill must account to the Kolb heirs for this sum, with legal interest from January 13, 1904, which was about the day of partition and agreement, this amounting on the day of this report to $149. Upon the payment of this amount into Court, or those legally entitled to receive

it, I find that the plaintiff is entitled to be adjudged to be the owner of whatever land Kolb swapped to Hill, the defendants alleging this to be twenty-five acres and designated on the Brown diagram as 'A.'

"I find whatever land Kolb swapped to Hill was under mortgage at the time of exchange, and this, together with the small value placed upon the swamp land in those days, may account for the inequality in acreage of part shown to have been used by Hill.

"I find from the testimony, the present value of the trust property, eight and one-third acres, to be two hundred dollars.

"I recommend that upon the payment to the clerk of this Court of the sum of seven hundred and fifty dollars by the defendant, C. H. Broadway, that the plaintiff and the said clerk be ordered to convey unto the said C. H. Broadway, in fee, the thirty-five and six-tenths acres of land, described in the complaint as twenty acres, more or less, but more particularly described upon the Brown diagram as follows: All that piece, parcel or tract of land lying, being and situate in the county of Clarendon, State of South Carolina, containing thirty-five and six-tenths acres, more or less, and bounded on the north by lands formerly of H. J. McLeod, now said to belong to Harriet Brown, and lands of Bruce Bradham, and east by lands of J. N. Brown and H. M. Brown; south by a tract of land said to have been exchanged by Aaron Kolb with N. H. Hill, and west by lands of the estate of M. Levi, and that all other parties to this action be adjudged to have no interest therein.

"I further recommend, that out of this sum the clerk do pay to the Kolb children of age, and to the parents or guardians of those under age, according to their interest therein, the sum of one hundred forty-nine 11-100 dollars found to be due them as aforesaid; that two hundred dollars thereof be paid to John R. Hill, trustee, to be invested in

land for his children upon the same limitations as the eight and one-third acres is held for them.

"That provision be made in the decree for the payments to the defendants, A. A. Strauss and J. A. Weinberg, of so much of the remainder as may be necessary to satisfy their mortgages, if any they have, they not being proven before me, and the balance, if any, to the plaintiff, John R. Hill, or his attorney.

"I think this disposes of all questions before me in this difficult matter.

"All of which is respectfully submitted."

From Circuit degree affirming this report, defendants appeal.

*Mr. Charlton DuRant,* for appellant, cites: *One seeking equity title confirmed must pay all claims against him:* McM. Eq. 1; 15 S. E. 244; 30 S. C. 972; 120 N. W. 1117; 12 So. 583; 30 N. J. Eq. 193; 4 Sawy. (Fed. Cas.) 382; 66 Pa. St. 187; 46 U. S. 192; 43 Leg. Int. 58.

*Mr. W. C. Davis,* contra.

August 7, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action was brought to have a parol partition confirmed by the Court, because some of the parties in interest were and still are minors. The Kolb heirs set up a special defense which appears in the report of the referee, where the facts are clearly stated. The report was confirmed and made the judgment of the Court. The referee finds that, in 1904, an agreement was made whereby the one-sixth undivided interest of the Kolb heirs in the fifty acre tract was set off to them next to their residence and adjoining a tract which they inherited from their father, and the plaintiff, John R. Hill, was to pay them the value of his share in the Hill tract for the Kolb tract, which

lay near the Hill residence, for which it is said his father had exchanged an equal quantity in value of the Hill tract near the Kolb residence. He also finds that the agreement was fair and beneficial to all concerned, and that this interest was worth $100 at the date of the agreement, and recommends that plaintiff be required to pay the Kolb heirs that amount with interest from that date, and that their title to the tract near the Hill residence be confirmed in plaintiff. The referee also finds that the value of an interest in the Hill tract at date of his report was $200.

We think the testimony sustains the finding that the agreement was fair and beneficial to all concerned, but we think the Court below erred in fixing the value of the interest at the date of the agreement as the amount which the plaintiff should pay. As no one had authority to make any such agreement in behalf of the minors, and as the plaintiff allowed such a long time to elapse before he called upon the Court to ratify and confirm the agreement, and as it appears that, in the meantime, lands have greatly increased in value, and the interest is now worth $200, the Court in protecting the rights of the infants, who are its wards, will require plaintiff to pay the present value, $200, with interest from date of the referee's report. We see nothing in the record to estop the adult Kolb heirs from contending that plaintiff should pay the present value.

The judgment of the Circuit Court will be modified accordingly.

MR. JUSTICE FRASER *did not sit in this case.*